20-2129-ag
Sherpa v. Garland

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-three.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
                    *Circuit Judges*.

------------------------------------------------------------------

PEMA SHERPA,

          *Petitioner*,

    v.                                        No. 20-2129-ag

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,

          *Respondent*.

------------------------------------------------------------------

FOR PETITIONER:                    Jason Schaffer, New York, NY

FOR RESPONDENT                     Jonathan K. Ross, Trial Attorney, Office of Immigration Litigation, Civil Division (Zoe J. Heller, Senior Litigation Counsel, *on the brief*), *for* Brian M. Boynton, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pema Sherpa, a native and citizen of Nepal, seeks review of a June 19, 2020 decision of the BIA affirming a November 30, 2016 decision of an Immigration Judge (IJ), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

The BIA assumed, contrary to the IJ's adverse credibility finding, that Sherpa testified credibly but agreed with the IJ's alternative ground for denying Sherpa's application, namely that she had not demonstrated past mistreatment

2

amounting to persecution. We therefore "review the decision of the BIA" and "assume, but do not determine, [Sherpa's] credibility." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact *de novo*).

An applicant for asylum has the burden to establish a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b)(1), (b)(2). When an applicant establishes that she suffered past persecution, she is presumed to have a well-founded fear of future persecution on the basis of the original claim. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). The presumption may be rebutted if the Government demonstrates that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality" or that "[t]he applicant could avoid persecution by relocating to another part of the applicant's country of nationality." *Id.* § 1208.13(b)(1)(i); *see also id.* § 1208.16(b)(1); *Kone v.*

3

*Holder*, 596 F.3d 141, 149 (2d Cir. 2010) (noting that the Government must show "that changed conditions obviate the risk [of future persecution] related to the original claim" (quotation marks omitted)). Factors relevant to evaluating the reasonableness of relocation include "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3) (effective to Nov. 2020).

An applicant who fails to demonstrate past persecution must instead show that she "subjectively fears" future persecution and that her "fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "[A]n applicant who fails to establish [her] eligibility for asylum necessarily fails to establish eligibility for withholding of removal." *Vanegas-Ramirez v. Holder*, 768 F.3d 226, 237 (2d Cir. 2014) (cleaned up).

Typically, when reviewing the decisions of the BIA and IJ, we "must evaluate [the] decision[s] solely by the grounds invoked by the agency." *Diallo v. U.S. Dep't of Just.*, 548 F.3d 232, 235 (2d Cir. 2008) (quotation marks omitted); *cf. SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943). We may nonetheless deny a petition

4

for review if "remanding would be futile" because "we are confident that the agency would reach the same result upon a reconsideration cleansed of errors." *Martinez De Artiga v. Barr*, 961 F.3d 586, 591 (2d Cir. 2020) (quotation marks omitted).

We do not address the BIA's determination that the mistreatment Sherpa experienced did not rise to the level of past persecution because we are confident that, even if we agreed with Sherpa that the BIA erred on that score, on remand the BIA would agree with the IJ's alternative conclusion that the Government carried its burden to show that Sherpa could safely relocate within Nepal. Sherpa relocated to Kathmandu for almost a year, and while she did there receive a single telephone threat in 2012, the threat was never acted on or repeated, and Sherpa suffered no physical harm. *See generally Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014) ("[T]hreats of persecution, no matter how credible, do not demonstrate past persecution."). The IJ also concluded that the Government had demonstrated that political violence in Nepal was now sufficiently lessened and localized that Sherpa could return safely to Kathmandu.

Before the BIA, Sherpa did not identify any evidence to the contrary. Instead, in disputing the possibility of internal relocation, she stressed the

5

phoned threat she received from the Maoists while in Kathmandu. But there is no evidence the Maoists knew where Sherpa was. Nor did Sherpa point to countervailing evidence showing that, despite the generally changed conditions in the country, she would have a particular fear of persecution in Nepal. *See Tambadou v. Gonzales*, 446 F.3d 298, 302 (2d Cir. 2006). Instead, Sherpa insisted that the continued existence of a lower level of violence meant that the Government could not demonstrate a fundamental change in circumstances. But we are confident that the BIA would conclude that the IJ did not err, given record evidence supporting the IJ's conclusion that political violence had diminished to a sufficient extent that Sherpa could safely return to and relocate within Nepal and thus no longer had an "objectively reasonable" fear of future persecution, *Ramsameachire*, 357 F.3d at 178; *see* 8 C.F.R. § 1208.13(b)(1)(i); *Kone,* 596 F.3d at 149. We thus find remand would be futile even if it were determined that Sherpa had suffered past persecution.

We have considered Sherpa's remaining arguments and conclude that they are without merit.[1] For the foregoing reasons, the petition for review is DENIED, all pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Sherpa does not challenge the agency's denial of her CAT claim.